# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN D. KICK,

      Plaintiff,

v.                                                                                   Case No. 07-C-697

ROBERT D. CARLSON and JOHN DOE,
 sued as All Racine County Commissioners,

      Defendants.

## ORDER

      The plaintiff, who is proceeding *pro se*, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.[1] This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

      Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits

---

[1] The complaint was filed by two plaintiffs, Kick and James H. Davis. However, on October 30, 2007, the court dismissed Davis for failure to prosecute.

to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. [2]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

---

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is currently incarcerated at the Vanderburgh County Corrections Complex in Evansville, Indiana. He was detained at the Racine County Jail in Racine, Wisconsin, at all times relevant to this action. Defendant Robert D. Carlson

- 3 -
Case 2:07-cv-00697-JPS   Filed 01/16/08   Page 3 of 10   Document 16

is the Racine County Sheriff. Also named as a defendant is John Doe, sued as all Racine County Commissioners.

The plaintiff complains about the conditions he was subjected to while detained at the Racine County Jail (Jail). He alleges that the Jail did not provide him, or any other inmate, with regular recreation.

The plaintiff also alleges the because he had a negative balance in his trust account, he was "banished to a broke pod." (Compl. ¶ IV.A.) Religious services, Alcoholics Anonymous meetings, and Narcotics Anonymous meetings did not appear to be available to inmates in the "broke pod."

Because he was indigent, the plaintiff was required to rely upon the following hygiene items: 0.6 oz. toothpaste every ten days; 2 fl. oz. shampoo every ten days; 0.5 oz. deodorant every thirteen days; and 0.6 oz. bar soap every five days. There was one shower for approximately every thirty inmates and the showers were available four and one-half hours per day, which did not allow ample time for all of the inmates to shower on a daily basis. The shower, which smelled of urine and "other odors," was only cleaned once per week. The tiles on the shower floors had no grout and most of the tiles were missing, which promoted mold growth.

Ventilation in the plaintiff's cell was poor, and he was forced to breathe air from filthy vents. The Jail provided only limited cleaning supplies which included a mop, broom, cleaning rags, and disinfectant spray. Toilet brushes were not provided. The plaintiff was forced to sleep on the floor of the Jail for an extended

period of time, where single-man cells were converted to three-man cells. The average cell had a living floor space of 4' x 9'.

For relief, the plaintiff seeks $150,000 in compensatory and $150,000 in punitive damages.

Since he is a pretrial detainee, the plaintiff's challenge to his conditions of confinement is governed by the constitutional guarantee of due process, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hart v. Sheahan*, 396 F.3d 887, 891 (7th Cir. 2005). The proper question to guide determination of the constitutionality of restrictive conditions in pretrial detention is "whether those conditions amount to punishment of the detainee." *Hart*, 396 F.3d at 891 (quoting *Bell*, 441 U.S. at 535). "'Punishment' in such a case is really just a name for unreasonably harsh treatment meted out to inmates who have not yet been convicted of any crime." *Id.* at 892. For example, in *May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000), a case concerning the conditions in which inmates were held in the Cook County Jail, the court stated that "the use of bodily restraints constitutes punishment in the constitutional sense if their use is not rationally related to a legitimate non-punitive government purpose or they appear excessive in relation to the purpose they allegedly serve."

Pretrial detainees have greater rights than convicted prisoners in that they cannot be punished, except for violations of jail rules or other offenses committed at the jail. *Hart*, 396 F.3d at 893 (citing *Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999)). Punishment requires a conviction. *Id.* However, "when the issue is whether

brutal treatment should be assimilated to punishment, the interests of the prisoner is the same whether he is a convict or a pretrial detainee." *Id.* In either case, he "has an interest in being free from gratuitously severe restraints and hazards, while the detention facility has an interest in protecting the safety of inmates and guards and preventing escapes." *Id.*

In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest. *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984)).

In this case, the plaintiff may proceed on a claim that he was denied "any regular recreation" at the jail. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). He may also proceed on a claim that he was placed in a "single-man cell" which had been converted to a "three-man cell" and that he was forced to sleep on the floor of the cell for an extended period of time. *See Hubbard v. Taylor*, 399 F.3d 150, 167 (3d Cir. 2005) (triple-celling in which one detainee must sleep on uncleaned mattress on floor next to open toilet may violate due process). In addition, the plaintiff may proceed on a claim based on poor ventilation in his cell. *See Board v. Farnham*, 394 F.3d 469, 485-86 (7th Cir. 2005) (pretrial detainee's constitutional right to adequate ventilation, while not assuring the right to be free from all discomfort, will be violated if inadequate ventilation can be considered as constituting punishment). The plaintiff may also proceed on equal protection claims

that he was banished to the "broke pod" due to his indigence and that he was denied religious and rehabilitative services because he was in the "broke pod."

However, the plaintiff may not proceed on a claim based on his allegations of not receiving enough hygiene items. *See Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988) (no Eighth Amendment violation where prison officials failed to provide inmate with soap, toothbrush, or toothpaste for ten days). He may also not proceed on a claim based on the inability to shower daily. *See Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988). Finally, the plaintiff may not proceed on claims that, while the Jail provided inmates with cleaning supplies on a weekly basis, it did not provide him with the supplies he wanted, and that the shower smelled bad and was moldy. *See Harris*, 839 F.2d at 1235-36 ("Inmates cannot expect the amenities, conveniences and services of a good hotel").

The plaintiff does not state whether he sues the defendants in their individual or official capacities. However, based on the nature of his claims and the fact that he has not alleged that any defendant was personally involved in his claims, the court presumes that he is suing the defendants in their official capacities.

The theory of respondeat superior is not available against a local governmental entity under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) (holding that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

policy, inflicts the injury that the government as a entity is responsible under 1983." *Id.* Courts have identified three instances in which a municipality can be said to have violated the civil rights of a person because of its policy or custom: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *See Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (superceded in statute on unrelated point) (citations omitted).

The court finds that the plaintiff has alleged sufficient facts to support a claim that his constitutional rights were violated. Specifically, he may proceed on due process claims that he was denied recreation; that he was forced to sleep on the floor in a three-man cell which was meant for one inmate; and that there was poor ventilation in his cell. The plaintiff may also proceed on an equal protection claim that he was denied religious and rehabilitation services because he was indigent.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's claims based on allegations of insufficient hygiene items, limited access to the shower, dirty shower area, and failure to provide preferred cleaning supplies are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Vanderburgh County Sheriff or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant

Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge